# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **JAMES E. HOLBROOK,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10CV00013 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **THE UNIVERSITY OF** | ) | By: James P. Jones |
| **VIRGINIA, ET AL.,** | ) | Chief United States District Judge |
| | ) | |
| Defendants. | ) | |

*Louis Dene, Dene & Dene, P.C., Abingdon, Virginia, for Plaintiff; Richard C. Kast, Associate General Counsel and Special Assistant Attorney General, University of Virginia, Charlottesville, Virginia, for Defendants.*

The plaintiff, an associate professor at the University of Virginia's College at Wise, has been notified that his employment will soon end, and he seeks a preliminary injunction against his termination. While I have considerable sympathy for the plaintiff's situation, I find that binding legal authority precludes granting such relief.

I

Dr. James E. Holbrook is an Associate Professor of Health and Physical Education and Program Coordinator in the Department of Education at the University of Virginia's College at Wise ("the College"), a public institution of higher education

located in this judicial district. In his Complaint, Holbrook contends that the College and its defendant officials have violated his federal statutory and constitutional rights because of his anticipated termination as a faculty member on May 24, 2010. He also contends that the termination will be in violation of state tort law. Holbrook has moved for a preliminary injunction, barring his termination during the pendency of this case.

Adequate notice of the motion for injunctive relief was given to the defendants and an evidentiary hearing was held on March 31, 2010, at which the parties were represented by counsel. The motion was taken under advisement and this Opinion resolves the issues.

The facts as shown at the hearing are as follows.

Holbrook was initially hired by the College, pursuant to a letter-contract dated May 13, 2005, for a term of employment ending May 24, 2007, "renewable following successful performance review." (Pl.'s Ex. 1.) The contract recited that Holbrook was a "tenure-track" professor and that the terms and conditions of his employment were as contained in the Faculty Handbook.

Section 4.3 of the Faculty Handbook describes the tenure process and states, in relevant part, that decisions about tenure are "generally made during the sixth year of full time employment at the assistant professor level or above. The seventh year

provides the year of notice if the individual is not granted tenure during the sixth year." (Pl.'s Mem. in Supp. of Mot. for Prelim. Inj. 2.)

Holbrook's contract was renewed in 2007 for a year, and in 2008, renewed through May 24, 2010.

On January 30, 2009, Gilmer W. Blackburn, the College's Provost and Senior Vice Chancellor, wrote Holbrook and, confirming a conversation of the day before, informed Holbrook that his contract would not be renewed after May 24, 2010. Holbrook approached Blackburn to see if he could apply for tenure despite the College's decision not to renew his contract. In response, Blackburn e-mailed Holbrook on May 28, 2009, stating in part as follows:

> The criticisms of your performance have centered around problems in communicating with colleagues and your alleged inability to work harmoniously with them. While I have observed some significant improvements in your professional relationships (example: with athletic coaches), I do not believe that you can remove the deep-seated concerns that still appear to me to be unresolved. And if these serious concerns remain unresolved, I will not be able to recommend you for tenure. That being said, I informed you that the College did not intend to give you a contract following the expiration of your present contract.
>
> It was my intention to tell you (had we been able to schedule a meeting to discuss the matter) that we would not prevent you from applying for tenure and going through the process, if you wished. Although I still question whether you can successfully address the problems that I alluded to above, I have a generally positive opinion of your work. Should you apply for tenure and be successful in the

process, you would be extended a tenure contract and you could continue your employment here.

Given my concerns about your prospects for a successful tenure review, I would suggest that you explore other employment opportunities.

(Pl.'s Ex. 4.)

Later that day, Blackburn sent Holbrook another e-mail, as follows:

I neglected to address one important point in my earlier email: if you decide to apply for tenure, your decision will not negate the terms of your employment contained in previous communications.

(*Id.*)

Holbrook did in fact apply for tenure. His application for tenure was disapproved by a vote of the faculty in the Department of Education by a close vote, but the Faculty Committee on Evaluation, a College-wide review panel, recommended him for tenure. Holbrook is now awaiting review of his application by the College's administration. At oral argument, however, the College's counsel represented that the administration has placed an indefinite hold on Holbrook's application.

Holbrook contends that if he is denied tenure, under the process specified in the Faculty Handbook, he must be permitted another year at the College. He argues that the termination of his employment any earlier would be a violation of his

constitutional due process right in relation to his property interest in continued employment as promised by the Faculty Handbook. The College asserts that the January 30, 2009 letter and the May 28, 2009 e-mails served as adequate notice to Holbrook that if he did not obtain tenure, his employment would end on May 24, 2010.

II

Federal courts have traditionally considered a preliminary injunction an extraordinary remedy that should only be granted "if the moving party clearly establishes entitlement to the relief sought." *Hughes Network Sys. v. Interdigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994). Recently, the Supreme Court has narrowed the grounds upon which a litigant may obtain a preliminary injunction. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008); *Munaf v. Geren*, 128 S. Ct. 2207, 2217-20 (2008). And, because of this new standard, in *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346–47 (4th Cir. 2009), the Fourth Circuit repudiated the traditional "balance of the hardships" test it formulated in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977). In place of *Blackwelder*, the

Fourth Circuit has adopted the four-prong test articulated in *Winter*. *Real Truth*, 575 F.3d at 347.

Under *Winter*, a plaintiff seeking a preliminary injunction must demonstrate, "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tip in his favor, and that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374.

The *Winter* standard places a difficult burden upon Holbrook in this case. In the past, *Blackwelder* permitted a court in this circuit to balance the hardships to the parties before considering whether the plaintiff presented "grave or serious questions" for litigation. *Real Truth*, 575 F.3d 346. *Winter's* first prong, on the other hand, requires a plaintiff to demonstrate he is likely to succeed at trial on the merits of its case. 129 S. Ct. at 374, 376. And, *Winter* requires that a plaintiff also show he "is likely to be irreparably harmed absent preliminary relief." *Real Truth*, 575 F.3d at 347. A plaintiff may no longer succeed by merely showing that "a possibility" of irreparable injury exists. *Id*.

The *Blackwelder* standard also allowed for the "'flexible interplay'" of the four requirements traditionally considered for a preliminary injunction. *Id*. (quoting *Blackwelder*, 550 F.2d at 196.) Now, a federal court may grant a preliminary

injunction only when a litigant clearly meets all four prongs of the *Winter* test. 129 S. Ct. at 374.

Accordingly, I must deny Holbrook's motion because he has not clearly shown that he will likely suffer irreparable harm absent a preliminary injunction.[1]

As the Supreme Court noted in *Sampson v. Murray*, 415 U.S. 61, 90 (1974), "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *See also Hughes*, 17 F.3d at 694.

Holbrook argues that his employment at the College should not end in May. Rather, if he is denied tenure, Holbrook asserts that he should be permitted to work at the College for another year, something he contends is typically allowed when a professor is denied tenure and which is required by the Faculty Handbook.

This argument fails to consider the irreparable harm requirement. If Holbrook is successful in his litigation against the College he can obtain monetary relief for the year of employment in question. Holbrook has not shown any extraordinary factors that would make money damages an inadequate form of relief. Further, Holbrook has not presented any special circumstances that warrant the extraordinary remedy of a

---

[1] At this point, of course, I make no decision about the merits of Holbrook's claims.

preliminary injunction.[2]  Because Holbrook cannot demonstrate that he is likely to suffer irreparable harm, his motion fails to meet the four-prong standard required by *Winter*.

III

For the foregoing reasons, it is **ORDERED** that the Motion for Preliminary Injunction (DE 14) is DENIED.  I will direct the Clerk to set an early trial date on the merits of the plaintiff's claim.

ENTER: April 5, 2010

/s/ JAMES P. JONES
Chief United States District Judge

---

[2]  Holbrook feels he is less likely to obtain future employment if he is unemployed during his job search.  But he testified that, in line with Blackburn's advice, he has already been actively seeking other jobs at numerous colleges without success, even though he has been employed.